OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Equal protection of laws, Opinions of the Justices. *Hospital Service Corporation. Medical Service Corporation.*

Upon the basis of such meager information as the Justices had, there appeared to them to be no denial of equal protection of the laws in violation of the Fourteenth Amendment of the Federal Constitution or art. 10 of the Declaration of Rights of the Massachusetts Constitution through proposed legislation, applicable only to hospital and medical service plans under G. L. cc. 176A and 176B and not to other hospital and medical service plans in Massachusetts, requiring that persons retired after age sixty-five be not charged as individual subscribers higher premium rates than persons covered under the group plans.   [805, 807]

If a question considered by the Justices in an advisory opinion arises subsequently in litigation, it must be considered anew by the court. [807]

On June 2, 1964, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order adopted by the House on May 21, 1964, and transmitted to us on May 25. The order refers to House No. 2616 now pending before the House and entitled, "An Act providing that retired persons over the age of sixty-five who are subscribers to non-profit hospital plans shall not be required to pay a higher rate of premiums than those in a group plan." Medical service plans, although not mentioned in the title, also are included.

The bill in § 1 seeks to amend G. L. c. 176A, § 8 (c) (as amended through St. 1956, c. 192, § 1), by adding after clause (5) the following clause: (6) A provision that any person who retires after the age of sixty-five and who is a subscriber as an individual shall not be required to pay a

higher premium than those individuals covered under the so-called group plan. Section 8 presently reads: "Except as provided in sections six and ten, no contract between the subscriber and the corporation shall be issued or delivered in the commonwealth . . . (c) Unless it contains in substance the following provisions: . . .."

The bill in § 2 seeks to amend G. L. c. 176B, § 4, as appearing in St. 1960, c. 307, § 1, by adding at the end of the fourth paragraph the following sentence: Any person who retires after the age of sixty-five and who is a subscriber shall not be required to pay a higher premium than those individuals covered under the group plan.

The order recites that "Grave doubt exists as to the constitutionality of such bill if enacted into law."

The question is:

"Would it be violative of the equal protection clause of the Federal Constitution or Article X of the Declaration of Rights of the Constitution of Massachusetts for the General Court to enact legislation providing that retired persons over the age of sixty-five who are subscribers to non-profit hospital or medical service plans shall not be required to pay a higher rate of premiums than those in a group plan without extending such provisions to all other hospital and medical service plans offered in the commonwealth?"

Chapter 176A is entitled "Non-Profit Hospital Service Corporations," the only example of which is Massachusetts Hospital Service, Inc. (Blue Cross). Chapter 176B is entitled "Medical Service Corporations," the only example of which is Massachusetts Medical Service (Blue Shield).

It is not clear whether the purpose of the bill is to require nonprofit corporations subject to c. 176A or c. 176B to provide coverage as individuals only to former group subscribers who have retired after attaining the age of sixty-five years at the same premium rates charged for members of a group or whether the intent is also to provide similar coverage to former individual subscribers who have attained that age.

The question of constitutional doubt is limited to whether there is a denial of equal protection of the laws in imposing the burden of the proposed statute solely upon these two nonprofit Massachusetts corporations and others which may later become subject to cc. 176A and 176B and not upon all other hospital and medical service plans offered in the Commonwealth. No factual background for the distinction appears. There is no source upon which we may properly draw for information which would assist us in attempting to make answer. The missing facts surely are not matter of common knowledge.

Nothing is asked as to the reasonableness of singling out as beneficiaries persons who retire after the age of sixty-five years. Such individuals undoubtedly are among those who face special problems in the matters of hospitalization, medical care, and health insurance. We might perhaps also assume that, compared with commercial companies, Blue Cross and Blue Shield cover a large percentage of the population. As to Blue Shield, see *Massachusetts Medical Serv.* v. *Commissioner of Ins.* 344 Mass. 335, 337.

In *Opinion of the Justices,* 345 Mass. 780, the view was expressed that the enactment of a statute providing that no applicant for savings bank life insurance, who was "otherwise insurable, shall be denied coverage for the sole reason that he is a blind person," would not, so far as appeared, deny equal protection of the laws because of the omission to extend similar provisions to all companies writing life insurance in the Commonwealth. The question there asked was quite similar in phraseology to that now before us. Equally applicable to House No. 2616 is the opinion there expressed in which the Justices emphasized that "it is unsatisfactory to try to answer a question of this sort without adequate factual background" (page 784).

There is nothing in House No. 2616 to preclude an increase in the rate of premiums charged to subscribers in a group plan. Obviously, in order to keep the plans actuarially sound there would necessarily be such an increase in rates should the bill be enacted into law. The present

group rates, we assume, are based upon life expectancy tables, and disease and accident incidence tables, and perhaps other data, applicable to individuals none of whom is over the age of sixty-five years. This means that this part of the burden of aiding the aged would be borne by the subscribers in the group plans and perhaps by other subscribers.

Upon such slight information as we have, we are unable to point to anything which renders the bill repugnant to the provision of the Fourteenth Amendment to the Constitution of the United States that no State shall "deny to any person within its jurisdiction the equal protection of the laws" or to its counterpart, art. 10 of the Declaration of Rights. See *Opinion of the Justices,* 345 Mass. 780, 781. But if litigation should arise subsequent to enactment, it would become our duty to consider the question anew unaffected by the advice now given. *Id.* 785. In that event, facts might appear that would disclose a substantial discrimination against nonprofit companies subject to cc. 176A and 176B.

Subject to the conditions outlined, we answer the question, "No."

RAYMOND S. WILKINS
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
JACOB J. SPIEGEL
PAUL C. REARDON